KENNEDY, JENNIK & MURRAY, P.C.
Attorneys for Defendants
113 University Place, 7th Floor
New York, New York  10003
Tel.  (212) 358-1500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------X

Confederación Hipica de Puerto Rico, Inc.,
Camarero Racetrack Corp.,                                          Civil Action No. 3:16-CV-02256

                    Plaintiffs,                           Declaration in Support of a
                                                                  Motion by the Jockeys' Guild,
    v.                                                      Inc. to Be Allowed to File an
                                                                  Amicus Curiae Brief

Confederación de Jinetes Puertorriqueños, Inc.,
*et al.*,

                    Defendants.

------------------------------------------------------------X

JOHN VELAZQUEZ, declares under penalties of perjury that:

1.     I am the Chairman of the Jockeys' Guild, Inc. and I make this Declaration in support of a

motion by the Jockeys' Guild to be allowed to file an amicus curiae brief in this proceeding.  I

have been the Chairman of the Guild since 2005.  The Guild is a New York not-for-profit

corporation that represents thoroughbred and quarter horse jockeys throughout the United States.

The Guild was founded in 1941 and now has more than 1,150 jockey members.

2.     I am a professional jockey.  I was born in Puerto Rico and I won my first horse race in

Puerto Rico on January 3, 1990.  I have ridden in over 30,000 races in the United States and I

have won more than 5,000 horse races.  I am a two time winner of the Eclipse Award which is

presented each year to America's leading jockey.  My mounts have earned over $348 million

dollars which is the highest career earnings of any jockey in US history. I was inducted into the Racing Hall of Fame in 2012.

3.      The Guild is recognized as the representative of jockeys in all 37 states which conduct pari-mutuel racing and Guild representatives attend and participate in the meetings of racing commissions in those states. Nationally, Guild representatives participate in the regulatory process of the Association of Racing Commissioners International and participate in many of the organizations that regulate various aspects of horse racing including committees of the National Thoroughbred Racing Association.

4.      Jockeys in Puerto Rico engage in horse racing at Camarero Race Track in San Juan. Jockeys are hired by owners and trainers at Camarero to ride in races. The services the jockeys provide to the owners consist entirely of their labor and expertise as jockeys. Jockeys do not provide any commercial products to the owners and trainers that employ them.

5.      The Guild regularly negotiates with organizations of horse owners and horse trainers to increase the fees that jockeys are paid for riding race horses. Jockeys are paid a percentage of the purse for finishing among the top three horses and jockeys who in a race place 4th or lower receive a basic mount fee. The lowest basic mount fee at established tracks in the US is $45.00 per race. The current basic mount fee at Camarero is $20 which does not fairly compensate these jockeys for the efforts they make and the risks they run each time they participate in a race.

6.      The members of the Guild have periodically engaged in collective actions including refusing to accept mounts in particular jurisdictions where those members concluded that the existing basic mount fee was not adequate compensation for the dangers and risks that every jockey faces every time he or she rides in a race. In 1988, for example, the jockeys who regularly ride at Belmont and Aqueduct engaged in a two week refusal to accept mounts to

protest the basic mount fee that was then in place.  While collective actions by jockeys are rare and the Guild works hard to negotiate fair agreements that obviate the need to resort to these actions, the Guild is committed to ensuring that the labor of jockeys is not deemed to be a commodity or article of commerce as such terms are used in the antitrust laws.

Wherefore, in view of the foregoing, as Chairman of the Jockeys Guild, Inc. I respectfully request that this Honorable Court grant this motion and accept and consider the accompanying Memorandum of Law.

Dated ___2/28/16___

John Velazquez