## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Confederación Hípica de Puerto Rico; Inc.; Camarero Racetrack Corp.,** | |
| **PLAINTIFFS,** | **Civil Action No. 16-2256 (DRD)** |
| **v.** | |
| **Confederación de Jinetes Puertorriqueños, Inc.**; **et als.,** | |
| **DEFENDANTS.** | |

## MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

      **COMES NOW** Plaintiffs, **Confederación Hípica de Puerto Rico, Inc.**, (hereinafter, "**CHPR**"), and **Camarero Racetrack Corp.**, (hereinafter **Camarero**) by and through their respective undersigned attorneys, and respectfully state, allege and pray as follows:

      1.    On September 30, 2019, this Honorable Court entered an Opinion and Order as well as a Judgment in this case.

      2.    In the Opinion and Order the Court concluded as follows:

      "Court hereby **GRANTS** Plaintiffs' *Motion for Summary Judgment* (Docket No. 248) as amended by way of *Supplemental Motion for Summary Judgment* (Docket No. 272). Thus, Camarero Racetrack Corp. is entitled to the reimbursement of $200,822.00 in damages, and CHPR is entitled to $196,073.00 in damages as a result of the jockeys' boycott. Judgment pursuant to the instant *Opinion and Order* is to be issued forthwith".

3.      Plaintiffs move this Honorable Court to reconsider its Judgment and its Opinion and Order in accordance with Rule 59(e) of Federal Civil Procedure.

4.      Rule 59(e) of Federal Civil Procedure establishes that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

5.      Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence **or a manifest error of law** or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. *Aybar* v. *Crispin-Reyes*, 118 F.3d 10 (1st Cir. 1997). (Emphasis added).

6.      In the Complaint of this case, Plaintiffs alleged violations to The Clayton Act as codified in 15 U.S.C. § 15, and the Sherman Antitrust Act, 15 U.S.C. § 1.

7.      Specifically, under Count Three of the Complaint, Plaintiffs alleged that, Section 4 of the Clayton Act, 15 U.S.C § 15, provides, in part, that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent without respect to the amount in controversy, **and shall recover threefold the damages** by him sustained, and the cost of suit, including a reasonable attorney's fee." (Emphasis added).

8.      Neither the Opinion and Order nor in the Judgment this Court established that plaintiffs were awarded with threefold of the damages suffered.  Said damages are mandatory, not discretional, in accordance to the terms of the Clayton Act.  Thus, plaintiffs request from this court that it reconsiders it Opinion and Order as well as its Judgment and provide Plaintiffs threefold the damages suffered.

9.    Through the proceedings held before this court, plaintiff alleged and vigorously expressed that Defendant, Confederación de Jinetes Puertorriqueños was acting with temerity.

10.    During this case, plaintiff settled their claims against codefendant Asociación de Jinetes de Puerto Rico and tried to settle in multiple occasions with Confederación de Jinetes Puertorriqueños but their obstinacy made it impossible.

11.    Confederación de Jinetes Puertorriqueños acts, omissions, allegations, motions and expressions made before this court clearly reflect that said party acted with obstinacy, contumacy and temerity in the handling of this litigation.

12.    Plaintiffs respectfully requests from this Court that it reconsiders its Judgment as well as the Opinion and Order and also find that defendants Confederación de Jinetes Puertorriqueños acted with temerity through the proceedings held before this court.

**WHEREFORE**, Plaintiffs move this Honorable Court to grant the present motion, reconsider its Judgment as well as the Opinion and Order and award plaintiffs with threefold the damages sustained by them in accordance with Section 4 of the Clayton Act, 15 U.S.C § 15; and that it further find that defendant Confederación de Jinetes Puertorriqueños acted with temerity through the case.

I hereby certify that, in this same day I filed electronically the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties appearing before this Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of October, 2019.

ATTORNEYS FOR CHPR

S/ **ROBERTO LEFRANC MORALES, ESQ**.
**USDC-PR #210802**
Email: rlm@martilaw.com

MARTINEZ-ALVAREZ, MENENDEZ CORTADA
   & LEFRANC ROMERO, PSC
Edif. Centro de Seguros, Ofic. 407
Ave. Ponce de León 701,
San Juan, PR 00907-3248
Tel. (787) 721-1140 x-211
Fax (787) 721-7866

**ATTORNEYS FOR CAMARERO**

**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
382 Escorial Avenue
Urb. Caparra Heights
San Juan, P.R. 00920
Telephone 787-774-8200
Facsimile 787-774-8297


**/S/MANUEL PORRO-VIZCARRA**
USDC # 207006
Email:  mpv@mpvlawpr.com

**/S/LUZ YANIX VARGAS-PEREZ**
USDC # 221502
Email: lyv@mpvlawpr.com