IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Confederación Hípica de Puerto Rico, Inc.; Camarero Racetrack Corp.,**<br><br>PLAINTIFFS,<br><br>v.<br><br>**Confederación de Jinetes Puertorriqueños, Inc.**; **Asociación de Jinetes de Puerto Rico, Inc.; et als.**,<br><br>DEFENDANTS. | Civil Action No. 16-2256 (DRD) |

## **OPPOSITION TO MOTION FOR RECONSIDERATION**

**TO THE HONORABLE COURT:**

  **COME NOW** Plaintiffs, **Confederación Hípica de Puerto Rico, Inc.**, (hereinafter, "**CHPR**"), and **Camarero Racetrack Corp.**, (hereinafter "Camarero") by and through the undersigned attorneys, and respectfully file their Opposition to Motion for Reconsideration. In support thereof, movants state, allege and pray as follows:

### **Procedural Chronology of this Matter**

  1.  This Honorable Court entered two (2) judgments in this case. The first one on September 30, 2019, which stated

> Pursuant to the Court's Amended Opinion and Order (Docket No. 214) granting Plaintiffs' Camarero Racetrack Corp., and Confederación Hípica de Puerto Rico, Inc.'s (hereinafter, "Plaintiffs") request for Preliminary and Permanent Injunction; and Opinion and Order (Docket No. 279) granting Plaintiffs' Motion for Summary Judgment (Docket No. 248) as amended by way of Supplemental Motion for Summary Judgment (Docket No. 272), the Court hereby enters final judgment in favor of Plaintiffs, as to liability and damages.

See Docket No. 281.

1

2. On November 4, 2019 Defendants, Confederación de Jinetes Puertorriqueños (hereinafter CJP or Defendants) filed before this Court a Notice of Appeal (Docket No. 294).

3. An Amended Judgment was entered on December 4, 2019 (Docket No. 306). On December 30, 2019 Defendants filed an Amended Notice of Appeal. (Docket No. 308).

4. On January 2, 2020 Defendants filed a "Motion to Dismiss for Failure to Join Indispensable Parties and/or Failure to Prosecute, Under Rule 59(e) of Civil Rules of Civil Procedure" (hereinafter, the "Motion to Dismiss"). (Docket No. 309). On January 22, 2020 Defendants filed an amended motion to dismiss requesting a clarification of the Judgment of December 4, 2019 as to the damages, but defendants' legal arguments remained the same. (Docket No. 310).

5. On September 30th, 2020 this Court entered an Opinion and Order denying the Amended Motion to Dismiss for Failure to Join Indispensable Parties and/or Failure to Prosecute; Requesting the Court to Amend and/or to Alter Judgement Under Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket No. 329).

## The Motion for Reconsideration

6. On October 15, 2020, CJP, its members as well as the wives and their respective conjugal partnership filed a Motion Requesting Reconsideration citing Rule 59 (e) as the basis for its Motion. (Docket No. 330). In said motion for reconsideration, defendants fail to include any new arguments to move this court to reconsider its Opinion and Order. The motion for reconsideration is just another way for defendants to further delay the case and the compliance with the Courts orders, including the payment to plaintiffs of the Judgment entered by this Court.

7. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration, but district courts generally treat them as being filed under Rule 59 or 60. Still,

reconsideration of a judgment is considered an extraordinary remedy which will be granted only sparingly. Rule 60(b) allows for "relief from a final judgment, order, or proceeding" in certain circumstances. Those circumstances include mistake, excusable neglect, newly discovered evidence, fraud by an opposing party, and "any other reason that justifies relief." That catch-all is not as broad as it sounds, however. Several federal circuits have held that Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue" and that Rule 60 cannot be used to make a motion simply asking the court to change its mind. In the federal court system, motions for reconsideration cannot be granted where the moving party simply seeks to have the court rethink what it has already thought through--regardless of whether its decision is right or wrong.

8. Rule 59(e), which allows an aggrieved party to move to "alter or amend a judgment," is another Rule sometimes employed as a basis for seeking reconsideration. A motion for reconsideration brought under Rule 59(e), may only be granted in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. As with Rule 60 motions, Rule 59 motions are not justified by a party's mere disagreement with the court's ruling as the Rule is not intended to give the losing party's attorney a second bite at the apple.

9. In terms, Rule 59(e) permits a motion to alter or amend the judgment to be brought within 28 days next following the entry of judgment. The rule admits of some play in the joints. It does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court. *See* Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004); *see also* Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir.2006). This discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly. *See* Palmer, 465 F.3d at 30. To secure relief under Rule

59(e), a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact. *See* Id.; FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992) cited in Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014).

10. To prevail on such a motion, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014). See also, Prescott v. Higgins, 538 F. 3d 32, 45 (1st Cir. 2008); *see also,* Rivera Surillo & Co. vs. Falconer Glass Indus., Inc., 37 F. 3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World University, Inc., 978 F. 2d 10, 16 (1st Cir. 1992)).

11. A motion for reconsideration is rarely "a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

12. Defendants' Motion for Reconsideration basically rehashed arguments that the Court had already rejected. Thus for those reasons, such Motion should be rejected forthright. See, Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35 (1st Cir. 2020). See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n. 3. See, López Quiñones v. Puerto Rico National Guard, 715 F. Supp. 2d 233, 248 (D.P.R. 2010).

13. In Vaquería Tres Monjitas, 2011 U.S. Dist. LEXIS 171583 (2011), this court stated that "[i]t is settled that "a motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3 Zet-Ernst Marks GmBh & Co. KG vs. Presstek, Inc., 455 F. 3d 7, 15-16 (1st

4

Cir. 2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. See, Standard Química de Venezuela vs. Central Hispano Int'l, Inc., 189 F.R.D. 202, fn. 4. (D.P.R. 1999).

14. A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant or reargues matters already properly disposed of by the Court.

15. Plaintiffs herein are thus forced to restate all the arguments included in their Motion Opposing Defendants "Motion to Dismiss for Failure to Join Indispensable Parties and/or Failure to Prosecute, Under Rule 59(e) of Civil Rules of Civil Procedure to counter Defendants ill-fated attempt to have a second bite at the apple.

16. In their motion, defendants incorrectly alleged that plaintiffs have not sustained with Puerto Rico jurisprudence the allegation that once defendants filed the counterclaim, they voluntarily submitted themselves to the jurisdiction of the court. It is also alleged by defendants that for them to voluntarily submit to the jurisdiction of the court specific acts and request for remedies must be made by the parties. (See Paragraph 5 of the Motion). These matters were discussed in Plaintiffs' Motion Opposing Defendants "Motion to Dismiss for Failure to Join Indispensable Parties and/or Failure to Prosecute, Under Rule 59(e) of Civil Rules of Civil Procedure".

17. The members of CJP, their wives as well as their conjugal partnerships were represented in this case by the attorneys who signed the pleadings on behalf of all "Defendants", not just CJP. Personal jurisdiction of all defendants was acquired through voluntary appearance and the filing of responsive pleadings, including a Counterclaim. The Counterclaim filed on 8/19/16, (Docket No. 82) Defendants appeared as follows,

"Comes Now **Defendants** and Counter-Plaintiffs Confederación de Jinetes Puertorriqueños (CJP) and its members, represented by its President Axel A. Vizcarra Pellot, Esq., who respectfully answer to the complaint filed against the organization as follows:" (Emphasis added).

18.     In Juan O. Cirino González v. Correction Administration, et al., 190 D.P.R. 14 (2014), the Supreme Court of Puerto Rico stated that, "as we have seen, the courts cannot act on the person of a defendant if they do not acquire authority, that is, jurisdiction over that person. Typically, such jurisdiction is acquired through the summons. Now, a summon is waivable, and we have resolved that "a recognized way of making such a waiver is through the express or tacit submission of the defendant." Specifically, a party that "voluntarily appears and performs a substantial act that constitutes it a party in litigation, submits to the jurisdiction of the court". In those cases, the appearance makes up for the omission of the summons and is enough for the court to assume jurisdiction."

19.     Also, in Sánchez Rivera v. Malavé Rivera, 192 D.P.R. 854 (2015), the Puerto Rico Supreme Court stated that, "[t]he legal right to be summoned is waivable. Such a waiver can occur when the defendant voluntarily submits to the jurisdiction of the court. 'Voluntary submission makes up for the omission of the summons, since it has the effect that the court acquires jurisdiction over the person. A party can submit to the court explicitly or implicitly. Voluntary submission can occur when a party voluntarily appears and performs some substantial act that constitutes it to the lawsuit.'"

20.     Regarding the matter of personal jurisdiction and voluntary appearance, in Uffner v. La Reunion Francaise, S.A., 244 F.3d 38 (1st Cir. 2001), at 6, the Court affirmed "… since

6

personal jurisdiction may be acquired through voluntary appearance and the filing of responsive pleadings without objection, the court has no independent reason to visit the issue".[1]

21. In this case, defendants through their attorneys filed a counterclaim voluntarily submitting themselves to the jurisdiction of the court. The filling of a counterclaim by itself is a substantial act that incorporates defendants to the case. By filling said counterclaim, defendants tacitly submitted themselves to the jurisdiction of this court.

22. In the Counterclaim, Defendants claimed economic harm, damages in business, deprivation of income and wages. Under Puerto Rico law, the compensation for wages belongs to the conjugal partnership. Claims for damages such as loss of income, which substitute salary derived from work, belong to the conjugal partnership. By filling said claim all defendants voluntarily and irrevocably submitted themselves and their respective conjugal partnerships to the jurisdiction of this court.

23. In Roselló Puig v. Rodríguez Cruz, 183 D.P.R. 81 (2011), the Puerto Rico Supreme Court stated that marriage not only has personal effects, but also patrimonial ones. Regarding the patrimonial aspect, when entering marriage, the spouses decide the economic regime that will govern their marriage, property regime, of duties and patrimonial rights. The Civil Code establishes that "in the absence of a contract on the property, it will be understood that the economic regime that will govern the marriage will be the conjugal partnership". The existence of the conjugal partnership regime implies that the spouses are joint owners and co-administrators of the totality of the matrimonial property, for which they hold joint ownership of it without

---

[1] Unlike subject-matter jurisdiction, which is a statutory and constitutional restriction on the power of the court, *see* U.S. Const. art. III, § 1, personal jurisdiction arises from the Due Process Clause and protects an individual liberty interest. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). The ability to waive this right thus reflects the principle that "the individual can subject himself to powers from which he may otherwise be protected." *Id.* at 703 n.10.

distinction of quotas. See also, Montalván v. Rodríguez, 161 D.P.R. 411 (2004). For this reason, "all the property of the marriage is considered to be partnership property, as long as it is not proven that they belong exclusively to the husband or wife."

24. In Sol María Vázquez Ortiz v. Juan M. López Hernández, 160 D.P.R. 714 (2003), the Supreme Court of Puerto Rico stated that, regarding the conjugal partnership, Art. 91 of the Civil Code of 1930, 31 L.P.R.A. sec. 284, provides that, unless otherwise stipulated, "both spouses shall be the administrators of the property of the conjugal partnership." This means that "either of them may legally represent the conjugal partnership." Art. 93 of the Civil Code, 31 L.P.R.A. § 286. Said article also provides that "any act of unilateral administration of one of the spouses shall bind the conjugal partnership and shall be presumed valid for all legal purposes."

25. In Urbino v. San Juan Racing Assoc., Inc., 141 D.P.R. 210, 214 (1996), the Supreme Court of Puerto Rico stated that, with the 1976 amendments to the Civil Code, "the Legislature paralleled the power of both spouses to administer the conjugal partnership and incorporated the principle of co-administration and legal representation. Since then, individually, both the husband and the wife have the capacity "de jure" to represent the conjugal partnership in court. "

26. In many cases where any of the members of the conjugal partnership or the conjugal partnership itself have not been brought to the case, the question has been raised by either a demurrer or by motion to dismiss the complaint, it being alleged that the same did not state a cause of action. Even in such cases it has been the tendency of the courts to regard the appearance of the wife as surplus age and retain that of the husband when she has brought the suit "assisted by her husband" or when from the allegations it could be inferred that the claim was made on behalf of

the conjugal partnership. See, Segarra v. Vivaldi, 59 P.R.R. 797 (1942); Meléndez v. Iturrondo, 71 P.R.R. 56 (1950).

"Under Article 1301 of the Civil Code any award belonging to the partnership or whatever joint benefits are gained through the suit, will automatically become community property regardless of whether the conjugal partnership and both spouses were *vel non* named parties to the action. See Article 1301 of the Puerto Rico Civil Code, supra; Paredes Figueroa v. Int. Air Serv. of Puerto Rico, 662 F. Supp. 1202 (D.P.R. 1987) (citing Franco v. Mayaguez Building, Inc., 108 D.P.R. 192, 195 (1978))."

27. It is only the allegations of the complaint that determine the nature of the causes of action claimed and consequently, to whom they belong and who is claiming them. 5 Wright & Miller, Federal Practice and Procedure, Civil 2d, § 1321, pp. 726-30. See also, Blanchard v. Terry & Wright, Inc., 331 F.2d 467 (6th Cir. 1964) cert. denied, 379 U.S. 831, 13 L. Ed. 2d 40, 85 S. Ct. 62; Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (D.N.Y. 1995); Brown v. Peoples Security Ins., 158 F.R.D. 350, 352 (E.D.Pa. 1994); Prisco v. New York, 804 F. Supp. 518 (S.D.N.Y. 1992)."

28. In Cosme v. 419 Ponce De León, 1996 U.S. Dist. LEXIS 10266, the court stated that, "although the caption indicated that Mrs. Cosme was appearing on her own behalf, the text of both the original and amended complaint clearly show that she was also claiming causes of action that pertained to the Conjugal Partnership, hence, that she was representing it's interests. In paragraph 22 of both the original and amended complaint it was alleged that "additionally, Mrs. Cosme has lost the ability to perform gainful employment." See Docket entry # 1 & # 2. Likewise, paragraph 23 expressed that "the defendants are liable to reimburse and pay all the medical expenses, past, present and future, arising from and related to the injuries sustained by Mrs. Cosme

as a result of the accident at Plaza Acuática". Undoubtedly, these claims belong to the Conjugal Partnership."

29. Regarding the matter of personal jurisdiction and voluntary appearance, in Uffner v. La Reunion Francaise, *S.A.,* 244 F.3d 38 (1st Cir. 2001), at 6, the Court affirmed "… since personal jurisdiction may be acquired through voluntary appearance and the filing of responsive pleadings without objection, the court has no independent reason to visit the issue.[2]

30. In the case at hand the individual wives as well as their conjugal partnerships were represented in this case by the attorneys who signed the pleading on behalf of all Defendants, not just CJP. Further, the Defendants, including the members' wives and their conjugal partnership, have waived any defense of lack of personal jurisdiction by the filing of responsive pleadings, including a counterclaim for damages.  Thus, personal jurisdiction of all defendants has been acquired through voluntary appearance and the filing of responsive pleadings, including counterclaims by the Defendants.

**WHEREFORE**, Premises considered, it is respectfully requested of this Honorable Court to DENY Defendants' "Motion Requesting Reconsideration" (Docket No. 330).

I hereby certify that, in this same day I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties appearing before this Court.

RESPECTFULLY SUBMITTED.

---

[2] Unlike subject-matter jurisdiction, which is a statutory and constitutional restriction on the power of the court, see U.S. Const. art. III, § 1, personal jurisdiction arises from the Due Process Clause and protects an individual liberty interest. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). The ability to waive this right thus reflects the principle that "the individual can subject himself to powers from which he may otherwise be protected." Id. at 703 n.10.

In San Juan, Puerto Rico, this 28th day of October 2020.

   Attorneys for CHPR
   S/ **ROBERTO LEFRANC MORALES, ESQ**.
   **USDC-PR #210802**
   Email: rlm@martilaw.com

   MARTÍNEZ-ÁLVAREZ, MENÉNDEZ CORTADA
   & LEFRANC ROMERO, PSC
   Edif. Centro de Seguros, Ofic. 407
   Ave. Ponce de León 701,
   San Juan, PR 00907-3248
   Tel. (787) 721-1140 x-211
   Fax (787) 721-7866

   **Attorneys for CAMARERO**
   **MANUEL PORRO-VIZCARRA**
   **LAW OFFICES**
   382 Escorial Avenue
   Urb. Caparra Heights
   San Juan, P.R. 00920
   Telephone 787-774-8200

   **/S/MANUEL PORRO-VIZCARRA**
   USDC # 207006
   Email: mpv@mpvlawpr.com